[Civ. No. 8441. First Appellate District, Division Two.—February 10, 1933.]

SELMA B. ABELSETH et al., Appellants, v. CITY AND COUNTY OF SAN FRANCISCO (a Municipal Corporation) et al., Respondents.

Clarence A. Henning and Raymond Perry for Appellants.

John J. O'Toole, City Attorney, Henry Heidelberg, Deputy City Attorney, and John R. Golden for Respondents.

STURTEVANT, J.—The plaintiffs, husband and wife, commenced this action to recover damages alleged to have been incurred from injuries sustained by Mrs. Abelseth when she was hit about 2:15 P. M., July 29, 1929, by one of the defendants' street-cars. The accident happened on Market Street east of Eighth Street. Near the place of the collision there is a pedestrian lane crossing Market Street. Mrs. Abelseth had been in the Crystal Palace Market and came out with a package in her hand and was in the act of crossing from the south side of Market to the north side. It was the contention of the plaintiffs that as she was in the pedestrian lane in the act of crossing Market Street one of the defendants' cars approached from her left and knocked her down. On the other hand it was the contention of the defense that she was carrying in her left arm a bundle that obscured her view of the traffic approaching from the west and furthermore that she was not in the lane but was some distance east walking diagonally across Market Street, that she was not hit but fell of fright. The plaintiffs further contend that under the doctrine of the last clear chance the defendants were liable whether Mrs. Abelseth was within or without the pedestrian lane. The jury returned a verdict in favor of the defendants and the plaintiffs have appealed and have brought up a bill of exceptions.

1. The plaintiffs attack a large number of instructions which were given at the request of the defendants. Under this attack it is claimed the court instructed the jury on facts by giving six different instructions. An examination of each of the six discloses that one is subject to that attack. Instruction XXXIII was as follows: "The maintenance of four street car tracks upon said Market

street is not a nuisance *per se,* that is, in and of itself, as such street car tracks have been so laid and *cars are being operated thereon in conformity with the law."*

It was·vulnerable to the attack made by the plaintiffs. It told the jury that the defendants were operating the cars in conformity with the law; but that was one of the principal questions of fact at issue.

2. It is next contended that certain formula instructions were given which were incomplete. Instructions XLIX, LI and LVI were to the effect that if Mrs. Abelseth was guilty of contributory negligence plaintiffs could not recover. It contained no statement to the effect that such negligence must first be shown to be a proximate cause of the accident. It was error to give any one of them. (*Rush* v. *Lagomarsino,* 196 Cal. 308, 319 [237 Pac. 1066].) As to instruction XLIX the defendants admit the error. As to instruction LVI the defendants contend that, admitting it was erroneous standing alone, nevertheless the error was cured by giving instruction LVII. In other words it is the contention of the defendants that the fact the latter instruction was free from error, and immediately followed one containing error, the error was cured. The contention may not be sustained. The point has been decided against the defendants. (*Douglas* v. *Southern Pac. Co.,* 203 Cal. 390, 393 [264 Pac. 237].)

3. It is next claimed that as to contributory negligence the rule applicable to collisions with steam railroads was by the trial court erroneously applied to a collision with a street railroad. In making this point the plaintiffs attack instructions XXXII, XLIII and LV. We have carefully read each one. While we do not approve the giving of them in the instant case we think they were not subject to the attack made on them. Because they wholly ignore Ordinance No. 7691 we do not approve them. Assuming for the purposes of this decision, that said instructions purported to state the general rule in street-car accident cases of the duty of a pedestrian to look and listen (60 C. J. 497), they wholly ignored the enactment of Ordinance No. 7691 and its effect on the rule as to the *quantum* of care to be exercised by a pedestrian lawfully traversing a crosswalk in strict compliance with the provisions of said ordinance.

4. Plaintiffs further assert that erroneous instructions were applied to the pedestrian lane. In this connec-

tion they call to our attention that section 9 of Ordinance No. 7691, *supra,* is as follows:

"Section 9. Pedestrian's Right of Way at Intersection.

"(a) It shall be unlawful for the operator of any vehicle or street car to drive into any crosswalk which is marked as provided in section 6 of this ordinance while there is in such crosswalk upon the half of the roadway upon which such vehicle is traveling any pedestrian engaged in crossing the roadway until such pedestrian shall have passed beyond the path of said vehicle." They then quote instruction XXX as follows:

"A street car has from necessity the right of way over that portion of a street upon which alone it can travel and which it cannot leave, paramount to that of persons and ordinary vehicles. Though this superior right is not exclusive and does not prevent others from driving or passing across or along its tracks at any time or place when, by so doing, it will not materially interfere with the progress of the cars, it is the duty of the citizen, whether on foot or driving a vehicle, to give unobstructed passage to the cars which cannot turn or leave the track."

Thereupon they argue that the instruction wholly ignored the provisions of the ordinance. The argument is manifestly sound. The defendants attempt to sustain the instruction by citing *Bailey* v. *Market Street C. Ry. Co.,* 110 Cal. 320 [42 Pac. 914]. That case is not helpful. It stated the law before the enactment of the ordinance. But a bare reading of the ordinance discloses that it materially changed the rights and duties of one crossing street-car tracks in San Francisco. Before the enactment of Ordinance No. 7691 a street-car did not stop at all cross-streets nor at any cross-street except on signal. Since the enactment of the ordinance all vehicles including street-cars may not enter lawfully marked crosswalks when upon that half of the street there is a pedestrian within the crosswalk. If such person is lawfully there, in no proper sense is he "obstructing passage".

5. The plaintiffs next attack the instructions XXI, XXV, XXX, XL, XLI, XLII and XLIV. Those instructions involved several entirely different subjects; but we find no merit in the attacks.

6. The plaintiffs next complain because the trial court refused to give eight several requested instructions. For convenience we have lettered them "A" to "H", inclusive. ■ The first two were properly refused because they were covered by plaintiffs' instructions XIII–XVI, inclusive, "C" told the jury that the motorman was "obviously aware of the plaintiff's position". That was clearly an attempt to instruct on a question of fact. It was not error to refuse it. "E" stated that the plaintiff was innocent unless she was "guilty of what has been called ordinary care". It was not sound law and was properly refused. "F, G and H" were covered by plaintiffs' instructions XVII and XVIII. ■ "D" stated that the burden of proving contributory negligence rested on the defendants. It was in proper form and should have been given. No similar instruction on that subject was given. The defendants quote instructions XX and XXI. Neither one purported to state on whom the burden of proof rested. Manifestly they were not a substitute for the instruction that was refused.

■ 7. In due time the plaintiffs made a motion for a new trial. Among other grounds they based their motion on the ground of newly discovered evidence. In support of their motion they produced the affidavits of three different men. Each affidavit contained the statement that the affiant witnessed the accident and that Mrs. Abelseth was in the pedestrian lane at the time she was hit. The motion was denied and the plaintiffs assign the ruling as error. The assignment may not be sustained. On the trial the plaintiffs produced two witnesses who testified that Mrs. Abelseth was in the pedestrian lane when she was hit. The evidence indicated in the above-mentioned affidavits was therefore cumulative merely. Moreover, the accident happened July 29, 1929. The trial was had eight months later. The names of the new witnesses were obtained in September, 1930, by inserting advertisements in the public press. The record does not show any excuse why that course was not taken sooner. The court did not err in denying the motion. (*Spiegelman* v. *Eastman,* 95 Cal. App. 205, 217 [272 Pac. 761].)

An examination of the errors above mentioned discloses that the case was tried on a misconception of the law. It

follows that the judgment should be and it is reversed and the action is remanded for a new trial.

Spence, Acting P. J., and Goodell, J., *pro tem.*, concurred.