[Civ. No. 8726. Second Appellate District, Division Two.—February 1, 1935.]

CLARA E. DARK, Respondent, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA (a Corporation), Appellant.

Loeb, Walker & Loeb and Herman F. Selvin for Appellant.

Carson B. Hubbard and E. B. Drake for Respondent.

PACHT, J., *pro tem.*—Defendant appeals from a judgment in an action to recover on a life insurance policy issued on the life of plaintiff's deceased husband. Recovery was sought and had for the face amount of the policy, $5,000, together with double indemnity therein provided in the event of death of insured "as a result directly and independently of all other causes of bodily injuries, effected solely through external, violent and accidental means". The complaint alleged that the insured lost his life by being shot in the head by a person or persons unknown to plaintiff. Defendant denied such cause of death and pleaded affirmatively that death resulted from suicide and that recovery was barred of any amount except premiums theretofore paid by insured.

The policy in question was dated November 14, 1930. Insured was found dead from a gunshot wound, death having occurred December 30, 1930. The policy provided for payment of $5,000 upon due proof of death, and an additional death benefit of $5,000 in the event of death by "accidental means", as quoted above. It is further provided that in the event of suicide, whether insured was sane or insane, no accidental death benefit should be payable and if the same occurred within two years from the date of the policy, the liability of the company should not exceed the amount of premiums paid on the policy.

Appellant urges, as grounds for reversal: (1) That the jury was misinstructed in several particulars; (2) That there was no evidence that the insured died as a result of injuries effected through accidental means; (3) That the evidence is insufficient to support any reasonable conclusion other than that the insured committed suicide and that the verdict, therefore, is without support in the evidence. In considering the several points urged, it will be necessary to survey briefly the evidence upon the trial.

The insured, William R. Dark, was found dead at about 5:30 A. M., December 30, 1930. His body lay on the ground on the right-hand side of his Model T Ford automobile, which was parked heading south on Drury Lane, a short unpaved street in Los Angeles County, which runs into Century Boulevard. Death had resulted from a gunshot wound, a .22 caliber bullet having entered his head at a point about one inch above the upper border of the left

ear. His hair was not singed and there were no powder marks. Deceased's head lay about two feet from the back wheel with his feet extended towards the south. Near his left foot was a sawed off barrel of .22 caliber rifle with an exploded shell in the firing chamber. The stock and trigger guard had been removed. There was a rag over the aperture at the muzzle and one was wrapped around the trigger and breach. A coat with the sleeves turned inside out was found on the ground near where the body lay. Witnesses testified that this coat had never belonged to insured. Neither did he smoke Old Gold cigarettes, a package of which was found in the pocket of the coat. There were no signs or marks of any struggle engaged in by deceased. Evidence of various circumstances was offered by appellant, apparently in an effort to prove death by suicide. Rebuttal testimony going to the same point, and also circumstantial in character, was offered by plaintiff. No useful purpose could be served in detailing the whole of such testimony. Suffice it to say that both parties contend that it is sufficient to support their respective theories of the case.

█ Appellant complains that the instructions given to the jury at the request of plaintiff failed to properly note the distinction between the term "accidental death" and "death by accidental means", as used and understood in insurance policies. As recovery was allowed by the verdict for the gross amount payable under the policy, the jury must have found that death resulted from "accidental means". Defendant requested, and there was given, an instruction correctly defining such term. But, appellant contends, certain instructions, given at the request of respondent, negatived such correct instruction as to the law, and constituted prejudicial error. This contention must be upheld.

The instructions complained of in this regard follow:

"You are instructed that the word 'accident', as used in these instructions and as used in the contract or policy of insurance involved herein, is thus defined:

" 'An accident is defined to be a casualty, something out of the usual course of events, and which happens suddenly and unexpectedly, and without any design on the part of the person injured or killed.' (Plaintiff's No. 2.)

"You are instructed that while the burden is upon the plaintiff, by the terms of the contract or policy of insurance, to show that the wound which caused the death of William R. Dark was inflicted accidentally, as defined to you herein, yet I charge you it is not necessary, for her to make out her case, that she should produce the direct testimony of eyewitnesses. If the circumstances placed in evidence, and the inferences to be drawn therefrom, point clearly to an accidental injury, the plaintiff has made out a *prima facie* case and is entitled to a verdict in her favor and against the defendant." (Plaintiff's No. 6.)

"You are instructed that the words 'accidental means', as used in the insurance policy herein sued on, are defined to be a casualty—something out of the usual course of events, and which happens suddenly and unexpectedly, and without any design on the part of the person killed." (Plaintiff's No. 10.)

It must be remembered that the burden of proof to establish that the death of insured resulted from "accidental means" rested on respondent. (*Postler* v. *Travelers Ins. Co.*, (1916) 173 Cal. 1, 3 [158 Pac. 1022] ; *Price* v. *Occidental Life Ins. Co.*, (1915) 169 Cal. 800, 802 [147 Pac. 1175].) Respondent concedes this, and admits the further proposition "that there is a distinction in law between 'accidental death' and 'death by accidental means' ". When it comes to defining and applying the meaning of the term "accidental means" as used in policies of insurance, some difficulty is met. The varying language used by courts and text-writers in expressing their conception of the meaning of the term indicates the problem presented. Mr. Justice Sloss reviewed the leading authorities and stated a rule adopted by the Supreme Court, which must govern here. In the case of *Rock* v. *Travelers Ins. Co.*, (1916) 172 Cal. 462 [156 Pac. 1029, L. R. A. 1916E, 1196], judgment for plaintiff on verdict was reversed on the grounds of the insufficiency of evidence. The opinion reads (with our emphasis) relative to the governing principle involved (p. 465) :

"The policy, it will be observed, does not insure against accidental death or injuries, but against injuries effected by accidental means. *A differentiation is made, therefore, which is the operative cause in producing this result.* It is not enough that the death or injury should be unexpected or

unforeseen, but *there must be some element of unexpectedness in the preceding act or occurrence which leads to the injury or death."* This rule has been consistently followed and applied in this state. (*Ogilvie* v. *Aetna Life Ins. Co.,* (1922) 189 Cal. 406 [209 Pac. 26, 26 A. L. R. 116] ; *Moore* v. *Fidelity & Casualty Co.,* (1928) 203 Cal. 465 [265 Pac. 207, 56 A. L. R. 860] ; *Harloe* v. *California State Life Ins. Co.,* (1928) 206 Cal. 141; *Losleben* v. *California State Life Ins. Co.,* (1933) 133 Cal. App. 550 [24 Pac. (2d) 825].) As has been stated, the term ''accidental means'' depends for its application upon the facts of each particular case. (*Moore* v. *Fidelity & Casualty Co., supra; Davilla* v. *Liberty Life Ins. Co.,* (1931) 114 Cal. App. 308, 315 [299 Pac. 831].) The different facts and circumstances presented have resulted in the varying language used in application, but the rule or principle involved has been essentially the same. ▉ The instructions complained of here cannot be said to have properly given the law to the jury. As in the Ogilvie case, *supra,* which was reversed because of error in charging the jury, the plain effect of such instructions was to tell the jury that plaintiff should recover if death resulted from accident or accidental injury. To paraphrase the language of the Ogilvie case: ''The instructions fail to give effect to the plain language of the policy in that they do not distinguish between the result to the insured and the means by which that result was brought about. And it is not enough to say that a single instruction given at the request of the appellant correctly states the law and so negatives the error mentioned.'' As stated in *Pierce* v. *United Gas & Electric Co.,* (1911) 161 Cal. 176, 185 [118 Pac. 700, 704] : ''It is true that other instructions were given at the request of defendant that stated the law in these respects as favorably to defendant as was warranted, if not more favorably. But the giving of these other instructions simply produced a clear conflict in the instructions given the jury by the court, and it is impossible for us to say which instruction the jury followed in arriving at a verdict in favor of plaintiff.'' (See, also, *Douglas* v. *Southern Pacific Co.,* (1928) 203 Cal. 390, 393 [264 Pac. 237], and *Abelseth* v. *San Francisco,* (1933) 129 Cal. App. 552, 555 [19 Pac. (2d) 53].)

Respondent cites the cases of *Magby* v. *New York Life Ins. Co.,* (1934) 136 Cal. App. 772 [29 Pac. (2d) 791], and *Byers* v. *Pacific Mutual Life Ins. Co.,* (1933) 133 Cal. App. 632 [24 Pac. (2d) 829]. The facts distinguish these cases. In the former, the policy was different, the risk insured against being death as a result of "accidental cause". Neither the instructions nor the evidence are set forth in the opinion, the reviewing court saying that the evidence would have supported a verdict finding either suicide or natural death, and that the jury could not have been confused by the instructions. In the *Byers* case the facts aided by the admissions of defendant company are so different as to warrant a clear distinction. Also, no question of the instructions was raised. The case of *Losleben* v. *California State L. Ins. Co., supra,* should also be noted. But there again the facts and instructions under review were so different from those in the instant case that it cannot aid respondent. Respondent invokes article VI, section 4½ of the Constitution, but a careful examination of the entire cause, including the evidence, leads only to the conclusion that the erroneous instructions resulted in a miscarriage of justice. Under the facts in evidence, the jury might well have found under a proper charge, that respondent had not proved death within the terms of the contract. Appellant was thus denied a substantial right by the error of the trial court.

■ Objection is also made to respondent's requested instructions Nos. 3 and 17, given by the trial judge. Both of them leave out of consideration the only theory upon which recovery could have been sustained, viz., death resulting from "accidental means". The former is also bad in that under it the jury would have been warranted in finding death at the hands of an unknown assailant, if such could be inferred from the evidence, as the basis of a verdict for plaintiff, and regardless of whether or not insured had provoked the killing or that such had resulted from some act on his part. (*Postler* v. *Travelers Ins. Co., supra.*)

Appellant complains of certain other instructions, but in view of our conclusion that the judgment must be reversed for the reasons already indicated, it becomes unnecessary to discuss these or any other claimed errors.

■ Finally, this court is asked by appellant, in effect, to find and hold as a matter of law that the insured took his

own life, and that respondent is therefore barred from re- covery. In such a case as this, however, considering the presumptions allowed, such a finding lies only within the province of the jury, under proper instructions from the court. (*Wilkinson* v. *Standard Accident Ins. Co.*, (1919) 180 Cal. 252 [180 Pac. 607]; *Jenkins* v. *Pacific Mutual Life Ins. Co.*, (1900) 131 Cal. 121 [63 Pac. 180]; *Beers* v. *California State Life Ins. Co.*, (1927) 87 Cal. App. 456 [262 Pac. 380].)

Judgment reversed.

Stephens, P. J., and Crail, J., concurred.