**HARRISON v PRUDENTIAL INS CO**

Ohio Appeals, 5th Dist, Stark Co

Decided Oct 14, 1936

Milton C. Moore, Alliance, for appellant.

Lynch, Day, Pontius & Lynch, Canton, for appellee.

## OPINION

By MONTGOMERY, J.

The petition in the Court of Common Pleas was for double indemnity on two policies of insurance issued by the appellee, the Prudential Insurance Company of America, which was the defendant in the court below, to one Thomas M. Wirebaugh. The appellant's ward was the daughter and the beneficiary of the deceased insured. At the conclusion of her evidence in the Court of Common Pleas that court sustained a motion for a directed verdict and thereafter entered judgment in favor of the insurance company, and from that judgment an appeal is perfected to this court.

The notice of appeal recites that the appeal will be on questions of law and fact. Manifestly, in such a case there could be no appeal on questions of fact, but under §12223-22, GC, this court retains the case as an appeal on questions of law.

The appellant contends that there was error in the admission and rejection of evidence. We can find no error in this respect. The appellant further contends that the court erred in directing a verdict for the defendant and that the cause should have been submitted to a jury. This is the only question of consequence presented to this court. There is in this record no substantial dispute of facts and the question is, therefore, whether under the facts as disclosed by the record the cause should have been submitted to the jury, or whether the trial court was right in directing a verdict.

One policy was for $2,000 and the other was for $1,500 and the company paid to the beneficiary's guardian the face of each of the policies, but denied liability under the double indemnity clause. That clause, as is customary in such policies, provided for the double payment in the event that death should result directly and independently of all other causes of bodily injuries effected solely through external, violent and accidental causes. It is conceded that the cause of death of the insured was external and violent, but it is denied that the same was accidental in the sense in which this term is contemplated in the policies. The issue is therefore narrowed down to the single question as to whether the death of this insured was accidental as contemplated in the contract of insurance.

The record shows that on the night of the insured's death he was a visitor at a certain roadhouse in Stark County, Ohio, had done more or less drinking and engaged in an altercation with the proprietor of the roadhouse, and that the two of them retired from the building to engage in and they did engage in a fight, as a result of which the insured died. There is little conflict of evidence as to who suggested the fight, whether the deceased or the proprietor of the roadhouse, but as we view it, that is of no importance because the undisputed evidence is that the two agreed to fight, went out of the building with that express purpose, and the decedent prepared himself for it by the removal of his coat.

Counsel for appellant relies chiefly upon the case of Occidental Life Ins. Co. v Holcomb, 10 F. (2d) 125. We will not attempt to reconcile that case with what we consider to be the weight of authority and the proper rule, and a reading of the case will show that the first paragraph of the syllabus and the opinion of the court can not themselves be reconciled.

Counsel for appellant contends that while the insured decedent might have anticipated physical injury, he would not have anticipated death; that death was not the natural and probable result of such an encounter, but was an accidental incident to the encounter. Here is a case where a man deliberately provoked or willingly assented to a fight and the fight was started in the way both parties had anticipated and planned. We can not concur in the contention that death was not a probable result of such an encounter. Ordinarily, of course, it would not ensue, but whether or not it would ensue would depend upon many factors, for example, the relative strength and physical vigor of the two parties, the nature and character of the blows that might be struck, and the capacity for physical resistance that would exist in either combatant. While ordinarily the result would be physical injury to one or the other and not death, yet death is always a possibility which ought to be foreseen

and when it ensues, it is not, in our judgment, to be treated as accidental.

Attention is directed to the case of Maryland Casualty Co. v Spitz, 246 F. 817, the first and second paragraphs of the syllabus of which are:

"1. Under a policy insuring against injury or death effected through external, violent or accidental means, the means or cause of death must be accidental, and it is not enough that the death itself is accidental, in the sense of being unintended, unexpected, or unforseen.

"2. Within a policy insuring against injury and death effected through accidental means, the word 'accidental' means happening or coming by chance or without design, causal or fortuitous, and is opposed to design, so that a means is not accidental when employed intentionally, though it produces a result not expected or intended."

In the instant case, while the death may have been accidental and not intended, the means and cause of death were certainly not accidental, but were deliberate and premeditated.

Counsel, with propriety, direct our attention to the case of New Amsterdam Casualty Co. v Johnson, Admrx., 91 Oh St 155, 110 NE 475, L.R.A. 1916B, 1018, the well known case where the insured holding an accident policy indemnifying him against bodily injuries which independently of all other causes were effected by external, violent and accidental means, suffered an injury due to the dilation of the heart following the voluntary taking of a cold bath. In the syllabus the statement was made that:

"* * * It will not be considered as the result of an accident where under the circumstances attending the dilation, there is no evidence that anything occurred which the insured had not planned or anticipated, excepting the dilation and its consequences."

As stated by the court in its opinion, on page 158:
"Undoubtedly an accident, in both its technical and commonly accepted meaning, is an event which occurs without one's foresight or expectation and wholly undesigned, yet it is not true that every unusual, unforeseen and unexpected event is an accident within the true meaning of the term as used in insurance policies."

The court, in the Johnson case, discussing the facts, says at page 159:
"The insured did nothing but that which he intended to do."

That is the fact in the instant case.

In the annotation in L.R.A. 1916B, at page 1021, we find this note:

"In determining whether an injury occurred by 'accidental means,' it would appear that the cause or means should govern the result, and not the result the cause, and that, however unexpected the result may be, no recovery should be allowed under such a provision unless there was something unexpected in the cause or means which produced the result."

Of interest is the case of Fidelity & Casualty Co. of New York v Stacey's Exrs., 143 F. 271, which was the case where the holder of a policy committed an assault upon another and in the course thereof injured his hand, with resultant blood poison. That federal court, discussing the facts, said on page 273 of the opinion:

"Everything connected with the transaction clearly indicates that the insured intended to do exactly what he did on that occasion. Therefore the injury which he received at the time was the natural and logical result of an intentional act on his part."

That federal court, at page 274, quotes with approval 3 Joyce on Insurance, 208, §2863, that:
" 'A person may do a certain act the result of which act may produce unforseen consequences, and may produce what is commonly called accidental death, but the means are exactly what the man intended to use. and did use, and was prepared to use. The means were not accidental, but the result might be accidental'."

As stated by the court in its syllabus in the case of Hutton v The States Accident Ins. Co., 267 Ill. 267, 108 NE 296, Ann. Cas. 1916C, 577, where the holder of an accident insurance policy voluntarily assaulted another and in a fist fight is seriously injured: "The insured was bound to anticipate some injury even though he could not have seen its precise form," and the court on pages 269 and 270 of the opinion discusses this proposition in some detail.

Counsel for the appellant urges that the cases such as those to which we have here-

tofore referred are based upon accident policies and not upon double indemnity policies, and that the reason for the one does not apply to the other. We can not follow this line of reasoning. We see no distinction or difference in principle. In this connection attention is directed to the opinion of the Supreme Court of Ohio, in the case of **Commonwealth Casualty Co. v Headers, 118 Oh St 429, 161 NE 278.** That was a case where an insurance company undertook to indemnify an insured against loss by reason of judgments recovered against the insured by persons accidentally injured as the result of the negligent operation of automobiles by the insured. The court there held that the insurance company was not liable to defend actions for the recovery of damages for assault and battery inflicted upon the injured party by an agent of the insured. That portion of the opinion bearing upon the quesion now under consideration is in the following language, at page 432:

"The policy covers accidental injuries, and the term 'accidental' in this policy must be interpreted in the same manner as that term would be interpreted in any ordinary accident policy; that is to say, an injury or death does not occur by accident when it results from wilful, intentional, personal violence inflicted by another. The situation is not strengthened any in behalf of the defendant in error by reasoning that anything is an accident that is out of the ordinary and unexpected."

The judgment of the Court of Common Pleas is affirmed.

Judgment affirmed.

LEMERT, PJ, and SHERICK, J, concur.