[Civ. No. 15049. Second Dist., Div. One. June 13, 1946.]

EDITH E. ROONEY, Respondent, v. MUTUAL BENEFIT HEALTH AND ACCIDENT ASSOCIATION (a Corporation), Appellant.

J. Edward Haley for Appellant.

Arthur Garrett for Respondent.

WHITE, J.—This action was instituted by plaintiff to recover the principal amount of two policies of health and accident insurance issued by defendant to Preston E. Rooney, plaintiff's husband, by reason of the death of her husband.

By her complaint plaintiff alleged that the death of her husband resulted from injuries sustained within the meaning of the insuring clause of each policy of insurance. The wording of the insuring clause in each policy was identical.

By its answer defendant denied that the insured's death resulted from injuries sustained within the meaning of the insuring clause of the policies issued to the insured.

The cause was tried before a jury, and at the conclusion of the trial the court directed the jury to return a verdict for plaintiff. From the judgment entered upon such verdict defendant prosecutes this appeal.

The facts are not in dispute and may be thus epitomized: On the evening of May 26, 1944, the deceased, Preston E. Rooney, was at George's Chili Parlor, a small restaurant serving meals and beer, located in the 1400 block on West Seventh Street in the city of Los Angeles. During the period of time the deceased was in the restaurant he became involved in an argument with a stranger. In the course of the argument the deceased invited the stranger to come outside the restaurant, saying to him, in effect, "come on outside, we will settle it out there." The deceased proceeded out to the sidewalk, followed by the stranger. The deceased attempted to strike the stranger, and the latter struck a blow at the deceased, causing him to fall, striking his head upon the concrete or paved portion of the sidewalk, whereby he sustained injuries described by the Chief Autopsy Surgeon for the Coroner's Department of Los Angeles County as "contusion of the brain and subdural hemorrhage due to basal fracture of the skull," and from the effects of which injuries decedent died that evening.

The insuring clause contained in each of the policies of insurance issued to the insured reads as follows:

"Mutual Benefit Health and Accident Association of Omaha (herein called Association) hereby insures Preston E. Rooney (herein called the Insured) of City of Los Angeles, State of California, against loss of life, limb, sight or time, sustained or commencing while this policy is in force, resulting directly and independently of all other causes, from bodily injuries sustained during the term of this policy or renewal thereof, through purely Accidental Means (Suicide, sane or insane, is not covered), and against loss of time beginning while this policy is in force and caused by disease contracted during the term of this policy or renewal thereof, respectively, subject, however, to all the provisions and limitations hereinafter contained."

The accident indemnity clause, so far as it is applicable to the payment of the principal sum provided for by said policies of insurance, reads as follows:

"If the Insured shall sustain bodily injuries, as described in the Insuring Clause, which injuries shall, independently of disease and all other causes, continuously and wholly disable the Insured from the date of the accident and result in any of the following specified losses within thirteen weeks, the Association will pay: . . .

"For Loss of Life                    $1,250.00.''

The principal question and the only one that need here be considered is whether the evidence, in which there is no conflict, justified the trial court in concluding that any verdict other than that the death of the insured occurred "through purely accidental means" would be so lacking in evidentiary support as to require it to be set aside as a matter of law on motion for a new trial or upon appeal.

The burden rested upon the plaintiff to prove that the death of the insured was the result of "injuries sustained . . . through purely accidental means." (*Rock* v. *Travelers Insurance Co.*, 172 Cal. 462, 464 [156 P. 1029, L.R.A. 1916E 1196] ; *Dark* v. *Prudential Ins. Co.*, 4 Cal.App.2d 338, 342 [40 P.2d 906].)

Appellant in the instant case attacks the verdict upon the ground that the injury here claimed to have been sustained by the insured, resulting in his death, was not shown to have been effected "through purely accidental means."

Where, as here, the policy does not insure against accidental death or accidental injuries, but against death or injuries caused by accidental means, it is not sufficient that the death or injury should be unexpected, but in the means through which the injury was sustained or the death produced there must be something of an unexpected or unforeseen character. (*Dark* v. *Prudential Ins. Co., supra*, p. 342.) In other words, there is a distinction in law between "accidental death" and "death by accidental means." If the encounter with which we are here concerned had been one with deadly weapons and the deceased himself had invited and brought on such conflict, the ensuing fatal result could not be characterized as accidental, because while it is possible that death might not result from such an encounter, nevertheless death is the result which would naturally be expected. (*Price* v. *Occidental Life Ins. Co.*, 169 Cal. 800, 802 [147 P. 1175].) In *Richards* v. *Travelers Ins. Co.*, 89 Cal. 170 [26 P. 762, 23 Am.St.Rep. 455], the term "accident" is defined as "a casualty—something out of the usual course of events, and which

happens suddenly and unexpectedly, and without any design on the part of the person injured.''

The theory of appellant in the case at bar is that Rooney, the insured, by inviting his antagonist to a fistic encounter, voluntarily assumed the risk of death. We are persuaded that it cannot be said from the evidence in the instant case that the deceased had any cause or reason to believe that a fistic encounter would result in his death. The fatal result was therefore accidental. Here the means which produced death was the fistic encounter, and this cannot be characterized as a voluntary act upon the part of the deceased the natural and usual and to-be-expected result of which would be fatal to him. In *Horton* v. *Travelers Ins. Co.*, 45 Cal.App. 462, 466 [187 P. 1070], the court approves the definition of accidental means as given in *Western Com. Travelers Assn.* v. *Smith*, 85 F. 401 [29 C.C.A. 223, 40 L.R.A. 653], a leading case, as descriptive of ''means which produce effects which are not their usual and probable consequences.''

While it is true under the terms of the policies herein that a mere accidental result would not suffice for recovery, we are convinced that it cannot reasonably be said that the ''means'' which produced the fatal result were of such a character that death was the usual, natural and probable result to be expected from voluntary resort to such ''means.'' While in the case at bar the insured voluntarily engaged in a fist fight with another, he was not killed by a blow from the fist of his antagonist. His death resulted from falling and striking his head on the sidewalk. In *Davilla* v. *Liberty Life Ins. Co.*, 114 Cal.App. 308, 315 [299 P. 831], the court said: ''If the injury to an insured person results, in some greater or less degree, from his own acts, and the evidence be such that the jury may fairly find that such result is one which he did not and could not reasonably have anticipated, and did not intend to produce, it is an accident, and is caused by accidental means. . . . (Citing cases.)''

We experience no difficulty in determining that the evidence in the case now before us was sufficient as a matter of law to show death from accidental means as distinguished from an accidental death, and therefore supports the verdict directed by the court. In the case of *Losleben* v. *California State L. Ins. Co.*, 133 Cal.App. 550 [24 P.2d 825], the insured died from peritonitis caused by a twisting of the small intestine when he voluntarily jumped from a work bench, about

three feet to the floor. Judgment was for the plaintiff and defendant appealed. In affirming the judgment the court said (p. 556) :

"The mere fact that an act of jumping was voluntarily done does not conclusively show that an ensuing injury was not the result of accidental means. Such an act may be, and frequently is, accompanied or followed by other acts not intentionally done, such as slipping, falling, alighting upon an object not seen, an involuntary movement caused by unexpected developments or any one of a number of things that could be named. While an injury to an insured person may result in greater or less degree from an original voluntary act upon his part, if there is some evidence which justifies the inference that the means which produced the injury contained something of an unexpected or unforeseen character involving other acts not intentionally done, the resulting injury may be said to [have been] caused by accidental means."

Appellant asserts that when one provokes an assault, as the result of which injuries are received from which death ensues, there can be no recovery upon a policy of the kind here involved. In support of this claim cases from other jurisdictions are cited, including *Harrison* v. *Prudential Ins. Co., of America*, 54 Ohio App. 279 [6 N.E.2d 991] ; *Hutton* v. *States Accident Ins. Co.*, 267 Ill. 267 [108 N.E. 296, Ann.Cas. 1916C 577, L.R.A. 1915E 127] ; *Fidelity & Casualty Co.* v. *Stacey's Exc'rs*, 143 F. 271 [74 C.C.A. 409, 6 Ann.Cas. 955, 5 L.R.A.N.S. 657] ; *Maryland Casualty Co.* v. *Spitz*, 246 F. 817 [159 C.C.A. 119, L.R.A. 1918C 1191]. While these cases would seem to support appellant's contention, we are convinced that, if so, the holdings therein are not supported by the weight of authority in this state. ■ The rule in California is that each case must stand upon its own facts and that the legal principles enunciated as to what constitutes "accidental means" as distinguished from "accidental result" must be applied to such facts as appear in the particular case. These principles, applied to the facts of this case, do not support appellant's claim that when one invites a fistic encounter and sustains injury or death therefrom recovery cannot in any case be had upon policies of the character here involved. To prevent a recovery upon such a policy, it must be made to appear that in utilizing the means to which he resorted the insured knew or should have known that he would probably sustain the injury which resulted as a consequence thereof.

We are cited by appellant to the case of *Gray* v. *Western States Life Ins. Co.*, 214 Cal. 695 [8 P.2d 126], but in that case the policy provided that there could be no recovery thereon if the death of the insured resulted, among other causes, "from any violation of law by the deceased. . . ." The judgment in favor of defendant insurer was affirmed because the evidence showed and the trial court found that the insured met his death while making an assault upon another. This conduct upon the part of the insured was a violation of law which brought the case squarely within one of the exceptions contained in the policy. No such provision is found in the policy here presented and the cited case is not helpful.

There being in the record before us no evidence of sufficient substantiality to support a verdict in favor of defendant if one were given, plaintiff's motion for a directed verdict was properly granted. (*Kataoka* v. *May Dept. Stores Co.*, 60 Cal. App.2d 177, 181 [140 P.2d 467] ; *Anthony* v. *Hobbie,* 25 Cal.2d 814 [155 P.2d 826].)

For the foregoing reasons, the judgment is affirmed.

York, P. J., and Doran, J., concurred.