**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

THOMAS BAKER,
<u>Plaintiff-Appellant,</u>

v.

No. 97-2756

PROVIDENT LIFE & ACCIDENT
INSURANCE COMPANY,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CA-979-124-3-MU)

Argued: December 1, 1998

Decided: February 19, 1999

Before WILKINSON, Chief Judge, TRAXLER, Circuit Judge, and
HILTON, Chief United States District Judge for the Eastern
District of Virginia, sitting by designation.

_____

Affirmed by published opinion. Chief Judge Wilkinson wrote the
opinion, in which Judge Traxler and Chief Judge Hilton joined.

_____

**COUNSEL**

**ARGUED:** Sara Rich Lincoln, HEDRICK, EATMAN, GARDNER
& KINCHELOE, L.L.P., Charlotte, North Carolina, for Appellant.
Christopher George Smith, SMITH, ANDERSON, BLOUNT, DOR-
SETT, MITCHELL & JERNIGAN, L.L.P., Raleigh, North Carolina,

for Appellee. **ON BRIEF:** Scott M. Stevenson, HEDRICK, EAT-MAN, GARDNER & KINCHELOE, L.L.P., Charlotte, North Carolina, for Appellant. Mark A. Ash, SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, L.L.P., Raleigh, North Carolina, for Appellee.

_____

**OPINION**

WILKINSON, Chief Judge:

Appellant Thomas Baker challenges a denial of health care benefits by his insurer appellee Provident Life and Accident Insurance Company. Baker incurred substantial medical expenses as a result of an automobile accident in which he was driving drunk and collided with another vehicle, killing the driver. Baker pled guilty to involuntary manslaughter, a felony under North Carolina law. Provident denied Baker benefits under a clause in his policy that excluded coverage for injuries sustained due to one's voluntary participation in a felony. Baker contends that committing involuntary manslaughter can never constitute voluntary participation in a felony. Provident argues that because Baker's drinking and driving were voluntary, so was his commission of involuntary manslaughter. Baker brought suit under ERISA in the United States District Court for the Western District of North Carolina seeking benefits. The district court granted Provident's motion for summary judgment. We now affirm.

I.

On December 30, 1995, Baker was driving while intoxicated. He attempted to pass a car in front of him by crossing over the double yellow line into oncoming traffic. Baker's car collided head-on with a car driven by Rita Castrillion, killing her. Shortly after the accident, Baker's blood alcohol content registered .286 -- over three times the legal limit in North Carolina. N.C. Gen. Stat. § 20-138.1. Baker pled guilty to, among other things, involuntary manslaughter and driving while impaired. Under North Carolina law, involuntary manslaughter is a felony, id. § 14-18, and driving while impaired is a misdemeanor, id. § 20-138.1.

2

Baker suffered severe injuries as a result of the accident and incurred $179,295 in medical expenses. At the time of the accident, Baker was enrolled in a group health care plan governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq. Baker submitted his medical expenses to Provident Life and Accident Insurance Company, the claims fiduciary of the plan. Baker's plan provided that "Provident will have exclusive discretion and authority to carry out all actions involving claims procedures explained in [the insured's] booklet" as well as "exclusive discretion and power to grant and/or deny any and all claims for benefits and determine any and all issues relating to eligibility for benefits." Most critically, the plan provided that benefits will not be paid for "treatment of an [i]njury or [i]llness which is due to voluntary participation in a felony." Pursuant to this provision, Provident denied benefits, reasoning that Baker voluntarily participated in a felony.

Baker then brought suit under 29 U.S.C. § 1132(a)(1)(B) claiming that Provident wrongfully denied him benefits. The district court granted summary judgment to Provident, holding that Baker, by pleading guilty to involuntary manslaughter, "pleaded guilty to willfully violating the drunk driving statute and thereby causing a death." The district court then held that Baker's conduct, which "caused the death -- and [which] resulted in a felony-- was therefore at least voluntary." Baker appeals.

II.

When an ERISA plan reserves for the plan administrator discretion to determine a claimant's eligibility for benefits or to construe the terms of the plan, a court will review the administrator's decision to deny benefits under an abuse of discretion standard. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). Under this standard, we will not disturb any reasonable interpretation by the administrator. Doe v. Group Hospitalization & Med. Servs., 3 F.3d 80, 85 (4th Cir. 1993). When the administrator also has a financial interest in the outcome of its benefits decision or interpretation of the plan, however, "this deference will be lessened to the degree necessary to neutralize any untoward influence resulting from the conflict." Id. at 87. Because Provident both insures and administers the payment of bene-

3

fits under Baker's plan, we will view its denial under this less deferential standard.

When interpreting the benefits provisions of ERISA regulated insurance plans, courts are guided by federal substantive law. See United McGill Corp. v. Stinnett, 154 F.3d 168, 171 (4th Cir. 1998); Wickman v. Northwestern Nat'l Ins. Co., 908 F.2d 1077, 1084 (1st Cir. 1990). The language of the plan itself, of course, is paramount in this endeavor. Lockhart v. United Mine Workers 1974 Pension Trust, 5 F.3d 74, 78 (4th Cir. 1993). Baker's plan excludes coverage for the "treatment of an [i]njury or [i]llness which is due to voluntary participation in a felony." Baker's plan does not, however, define the term "voluntary." To interpret an undefined term, courts may reference a number of sources including state law, Wickman, 908 F.2d at 1084, and the law of other federal courts, see Stinnett, 154 F.3d at 172. Both state and federal law support Provident's reading of the term "voluntary" and hence the reasonableness of its plan interpretation.

Baker argues that because North Carolina law classifies driving under the influence as a misdemeanor, he did not voluntarily participate in a felony. He maintains that although he voluntarily drove drunk, he did not voluntarily kill Rita Castrillion."The very nature of the crime of involuntary manslaughter," he contends, "centers around the involuntary actions of the person charged." Baker argues that in order for him to voluntarily participate in a felony under the terms of his policy, it is necessary that he possess a specific intent to kill.

In the closely analogous area of accidental death benefits cases, North Carolina courts and a majority of federal courts have rejected Baker's reasoning. Accidental death benefits cases present the same question as the one we face here: What level of expectation is necessary for the consequences of a voluntary act to be voluntary? Must the actor specifically intend the consequences of that act, or is it enough that a reasonable person would foresee those consequences?

The North Carolina Supreme Court has answered this very question. In Allred v. Prudential Ins. Co. of Am. , 100 S.E.2d 226 (N.C. 1957), the insured laid down in the middle of the highway. Despite his friends' exhortations to move, the insured remained in the middle

4

of the highway in the face of oncoming traffic. A passing automobile ran over him. In holding that the insured's death was not an accident, the North Carolina Supreme Court stated the general rule that a "death which is the natural and probable consequence of an act or course of action is not an accident nor is it produced by accidental means, and, if not the result of actual design, [the] insured must be held to have intended the result." Id. at 230 (internal quotation marks omitted).

A majority of federal courts have applied this rule to deaths resulting from drunk driving accidents. See Cozzie v. Metropolitan Life Ins. Co., 140 F.3d 1104, 1110 (7th Cir. 1998); Walker v. Metropolitan Life Ins. Co., 24 F. Supp. 2d 775, 782 (E.D. Mich. 1997); Schultz v. Metropolitan Life Ins. Co., 994 F. Supp. 1419, 1422 (M.D. Fla. 1997); Nelson v. Sun Life Assurance Co. of Canada, 962 F. Supp. 1010, 1013 (W.D. Mich. 1997); Miller v. Auto-Alliance Int'l, Inc., 953 F. Supp. 172, 176 (E.D. Mich. 1997). But see American Family Life Assurance Co. v. Bilyeu, 921 F.2d 87, 89 (6th Cir. 1990). For example, in Cozzie, the insured was killed in a single-car accident. At the time of the accident the insured's blood alcohol content was twice the legal limit. The insured's spouse argued that his death was an accident under his policy. In rejecting that view, the Seventh Circuit upheld the administrator's determination that "a death that occurs as a result of driving while intoxicated, although perhaps unintentional, is not an `accident' because that result is reasonably foreseeable." Cozzie, 140 F.3d at 1110.

We hold that this same rule applies to the exclusion in Baker's policy for voluntary participation in a felony. Baker voluntarily drank too much. He voluntarily got behind the wheel of his automobile while drunk. And he voluntarily crossed the center line into oncoming traffic. No one forced Baker to drink too much, to drive while drunk, or to crash headlong into Rita Castrillion. The dangers of driving while intoxicated are plain. Baker cannot now be heard to claim that he was unaware that his behavior threatened his own life and those of other motorists. Inasmuch as a reasonable person in Baker's position would have known that death or serious injury was a reasonably foreseeable result of driving while intoxicated, Baker's participation in the felony of involuntary manslaughter was voluntary.

5

Baker contends that this reading of the word voluntary is unreasonable because it means that Provident's obligation to pay benefits depends on the result of the accident. Baker argues that this rule means, for example, that Provident would pay his health care expenses if he hit a tree -- which is not a felony under North Carolina law -- instead of Castrillion. But Provident's decision rests on a distinction that already is present in North Carolina law. North Carolina, like every other state, attaches different consequences when one causes the death of another than when one does not. If Baker had simply hit a tree, he would not have committed a felony. Baker does not and cannot argue that this underlying distinction is unreasonable. Similarly, it is not unreasonable for Provident to use that distinction in its benefits determinations.*

III.

When Baker drank too much and decided to drive his car, he should have reasonably foreseen that his actions might lead to the death of another. Baker, therefore, voluntarily participated in the felony to which he later pled guilty. The judgment of the district court is

AFFIRMED.

_____

*Baker also claims that the district court abused its discretion when it converted Provident's motion for judgment on the pleadings into a summary judgment motion. Because Baker had a reasonable opportunity to submit additional pertinent materials, we hold that the district court did not abuse its discretion in converting Provident's motion.

6