UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-1970

RITA D. POEPPEL,

Plaintiff - Appellant,

versus

HARTFORD INSURANCE COMPANY,

Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Terry L. Wooten, District Judge. (CA-01-2880-6-25)

Submitted: January 30, 2004      Decided: February 17, 2004

Before LUTTIG and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

C. Rauch Wise, LAW OFFICE OF C. RAUCH WISE, Greenwood, South Carolina, for Appellant. Debbie W. Harden, Katherine T. Lange, WOMBLE CARLYLE SANDRIDGE & RICE, PLLC, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Rita D. Poeppel appeals from the district court's orders awarding summary judgment to Hartford Insurance Company (Hartford) on her action seeking to recover the proceeds on an accidental death and dismemberment policy pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 - 1461 (2000), and denying her motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e).

On August 5, 2000, Randall Lee Duvall, Poeppel's brother, died as the result of injuries sustained in a single-car collision in Greenville, South Carolina. The toxicology report disclosed that, at the time of the collision, Duvall was driving with a blood alcohol level of .212%, over twice the legal limit for operating a motor vehicle under South Carolina law. The district court granted summary judgment to Hartford after Poeppel sued alleging that she was denied benefits under the policy in contravention of ERISA. The district court concluded that an intoxicated driver's death in a single-vehicle collision as a result of drinking and driving did not result from an accident and was therefore not an "injury" as defined in the policy. Poeppel v. Hartford Life Ins. Co., 273 F. Supp. 2d 714 (D.S.C. 2003).

On appeal, Poeppel argues that the district court erred in concluding that Duvall's death was not caused by an accident and that the automobile wreck was caused by Duvall's consumption of

alcohol. The benefit plan in this case does not give the plan administrator discretionary authority to determine benefits under the plan. Therefore, we review the denial of benefits de novo. Firestone Tire & Rubber Co v. Bruch, 489 U.S. 101, 115 (1989). In interpreting the benefits provisions of ERISA-regulated insurance plans, courts are guided by federal substantive law. Baker v. Provident Life & Accident Ins. Co., 171 F.3d 939, 942 (4th Cir. 1999); Wickman v. N.W. Nat'l Ins. Co., 908 F.2d 1077, 1084 (1st Cir. 1990).

The majority of federal courts have held that, when death is the natural or probable consequence of an act or course of action, it is not the result of an "accident" as that term is defined in an accidental death or dismemberment policy. See Baker, 171 F.3d at 942. Moreover, in Baker, we adopted the rule that "'a death that occurs as a result of driving while intoxicated, although perhaps unintentional, is not an "accident" because that result is reasonably foreseeable.'" Id. (quoting Cozzie v. Metro. Life Ins. Co., 140 F.3d 1104, 1110 (7th Cir. 1998)). We conclude that this rule is controlling in this case and that accidental death benefits were properly denied.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 3 -