**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 03-2311**

─────────────

ROSANNE MOORE,

Plaintiff - Appellee,

versus

UNUM PROVIDENT CORPORATION,

Defendant - Appellant.

─────────────

**No. 04-1044**

─────────────

ROSANNE MOORE,

Plaintiff - Appellee,

versus

UNUM PROVIDENT CORPORATION,

Defendant - Appellant.

─────────────

Appeals from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (CA-01-4185-4-25)

─────────────

Argued:  September 29, 2004        Decided:  November 10, 2004

─────────────

Before MICHAEL and MOTZ, Circuit Judges, and Roger W. TITUS, United States District Judge for the District of Maryland, sitting by designation.

---

Vacated in part, affirmed in part, and remanded by unpublished per curiam opinion.

---

**ARGUED:** Theodore DuBose Willard, Jr., MONTGOMERY, PATTERSON, POTTS & WILLARD, L.L.P., Columbia, South Carolina, for Appellant. Kevin Mitchell Barth, HARWELL, BALLENGER & DEBERRY, Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Unum Provident Corporation (Unum) appeals the district court's award of life insurance benefits and attorney's fees to Rosanne Moore in connection with her husband's death. Mrs. Moore's suit for accidental death benefits under the Unum policy provided by her employer is governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. We vacate the district court's award of judgment to Mrs. Moore because the court misapplied the standard for determining whether her husband's death was accidental. The district court was correct, however, in concluding that the evidence in the administrative record was insufficient to establish that the policy's controlled substances provision applies. Because the judgment in favor of Mrs. Moore is being vacated, we also vacate her award of attorney's fees. The case will be remanded for further proceedings consistent with this opinion.

## I.

On October 22, 1998, between 4:00 and 4:30 a.m., William E. Moore (Moore) entered the home of his girlfriend, Lisa McFerrin, without permission. Moore, who was carrying a pistol, went to McFerrin's bedroom where he found her and her invited guest, Jerry Sayles. An altercation between Moore and Sayles ensued, and Sayles wrested the gun from Moore and beat him with it. Moore died from cardiac arrhythmia due to the stress of the beating. A toxicology

3

report revealed that Moore was under the influence of methamphetamine at the time of his death.

Moore's wife, Rosanne Moore (Mrs. Moore), had insurance coverage for accidental injury or death under a policy maintained by her employer. Moore, her husband, was a covered spouse under the policy. The policy covered losses, including loss of life, that "result directly and independently of all other causes from accidental bodily injury." J.A. 62. A rider excluded coverage for "injury caused by or contributed to directly or indirectly by: the Insured being under the influence of a 'controlled substance.'" J.A. 91. Moore's death prompted Mrs. Moore to file a claim for accidental death benefits under the policy. Unum (the insurance company) denied the claim on two separate grounds: (1) that Moore's death was not accidental because he was the "aggressor in an altercation that led to his death," J.A. 112, and (2) that coverage was excluded because Moore was under the influence of a controlled substance, methamphetamine, which either caused or contributed to his death. Mrs. Moore pursued an internal appeal with Unum, and the company's ERISA appeals committee confirmed the denial of her claim. Mrs. Moore then filed an action to recover under the policy in South Carolina state court, and Unum removed the case (on grounds of complete preemption under ERISA) to the United States District Court for the District of South Carolina. The parties cross-moved for summary judgment. Thereafter, the

4

parties stipulated that the district court "should decide the case based on the record before the Court." J.A. 351 n.2. After conducting a de novo review of the administrative record, the district court awarded judgment to Mrs. Moore, concluding that she was entitled to death benefits under the policy. The court also awarded attorney's fees to Mrs. Moore. Unum appeals, raising three issues.

## II.

Unum first argues that the district court applied the wrong legal standard when it concluded that Moore's death was an accident within the meaning of the insurance policy. We review this issue of policy (or contract) interpretation de novo. Johannssen v. Dist. No. 1-Pac. Coast Dist., 292 F.3d 159, 171 (4th Cir. 2002). Because the policy in this case is regulated by ERISA, we are "guided by federal substantive law." Baker v. Provident Life & Accident Ins. Co., 171 F.3d 939, 942 (4th Cir. 1999). In determining the principles of federal law that govern contract interpretation under ERISA, we may, of course, look to state law for guidance. Id.

When an insured dies as a result of the intentional act of another, the death is considered accidental "if the insured is innocent of aggression, or wrongdoing, or even if he is the aggressor, if he could not reasonably anticipate bodily injury resulting in death to himself at the hands of another." New York

5

<u>Life Ins. Co. v. Murdaugh</u>, 94 F.2d 104, 107 (4th Cir. 1938) (internal quotation marks and citation omitted).  The district court concluded that Moore's death was accidental because, even if Moore was the aggressor, he would not have anticipated "the cardiac arrhythmia which resulted in death as highly likely to occur under the circumstances."  J.A. 352.

The district court misapplied the standard.  When an altercation ends in the death of the aggressor, the death is not an accident if the aggressor could reasonably anticipate that he might die at the hands of his opponent.  The aggressor does not have to anticipate the exact cause of his death.  The question, in other words, is whether it is <u>reasonably foreseeable</u> to the aggressor that he is triggering a chain of events that could result in his death, regardless of the exact cause.  A case cited by Mrs. Moore, <u>Rooney v. Mutual Benefit Health and Accident Association</u>, 170 P.2d 72 (Ca. App. 1946), illustrates the role that the aggressor's foreseeability plays in determining whether his death resulting from an altercation is accidental.  In <u>Rooney</u> the insured got into an argument with a stranger in a restaurant, and the insured invited the stranger outside to settle the matter.  A fistfight ensued, and no deadly weapons were involved.  The insured, who was the aggressor, died after hitting his head on a concrete sidewalk during the fight.  The insured's death was accidental, the California Court of Appeals held, because he did not have reason to

believe his "fistic encounter would result in death." Id. at 74. Thus, under Rooney, when the aggressor can reasonably expect that his death could be the result of the altercation he initiates, his death is not accidental. Id. In sum, the aggressor's death does not fit the accidental category if he can reasonably anticipate that his death could result from the altercation. The aggressor does not have to forsee the exact cause of death.

Here, Moore's death was not an accident simply because he would not have reasonably anticipated the exact cause, cardiac arrhythmia. Moore entered his girlfriend's house uninvited at about 4:00 a.m., and carrying his handgun, he went into her bedroom where she was with another man who was her guest. Moore's resulting death was not an accident "if he could [have] reasonably anticipate[d] bodily injury resulting in death to himself at the hands of another." New York Life Ins. Co. v. Murdaugh, 94 F.3d 104. We therefore vacate the district court's determination that Moore's death was an accident, and we remand for the proper application of the standard set forth in New York Life Insurance Company v. Murdaugh.

III.

Unum argues second that the district court erred in concluding that Moore's death was not directly or indirectly caused by his use of methamphetamine. This meant that Unum was not excused from the payment of death benefits because of the policy's

7

controlled substances exclusion.

The toxicology tests of Moore's blood showed he had between 2.1 mg/L and 3.9 mg/L of methamphetamine in his system at the time of his death. A forensic review by Dr. Kristin G. Sweeney provides the only medical analysis in the administrative record of the relationship between Moore's methamphetamine use and his death. Dr. Sweeney's report discusses in general terms the link between the use of stimulants and cardiac arrhythmia. She concludes that "chronic cocaine and/or methamphetamine abuse could contribute to a cardiomyopathy" and that the "known pharmacologic effects of methamphetamine, particularly at this toxic level, could be expected to acutely exacerbate any pre-existing cardiovascular disease." J.A. 126-27.

In the district court proceedings, Unum sought to bolster Dr. Sweeney's report by tendering the deposition of Dr. Joel Sexton; Dr. Sexton was deposed in a separate proceeding after the administrative record in this case had closed. Dr. Sexton had already submitted a report in this case; however, his original conclusions, which were in the administrative record and which were made without an examination of the toxicology results, did not mention methamphetamine. In the tendered deposition, Dr. Sexton testified that after considering the toxicology report, he had concluded methamphetamine was a cause of Moore's death. Mrs. Moore objected to the submission of the Sexton deposition, and the

8

district court excluded it, holding that it was "improper supplemental evidence." J.A. 355.

In Quesinberry v. Life Insurance Company of North America, 987 F.2d 1017 (4th Cir. 1993), we discussed when it is proper for a district court, in conducting a de novo review of an ERISA benefits claim, to consider evidence that was not part of the record before the plan administrator. As a general rule, the court should consider only the administrative record that was before the administrator. "Exceptional circumstances," however, "may warrant an exercise of the [district] court's discretion" to consider additional evidence when it is "necessary for resolution of a benefit claim." Id. at 1026-27. Unum argues that two of the exceptional circumstances mentioned in Quesinberry required the district court to consider Dr. Sexton's testimony: (1) the analysis in Dr. Sexton's deposition could not have been presented during the administrative process and (2) the controlled substances exception in the policy requires the consideration of a complex medical question that should be resolved with the assistance of actual testimony. Dr. Sexton's deposition does not fall within either of these exceptions.

First, although Dr. Sexton was deposed after Unum, the plan administrator, reached its decision, the toxicology report showing that Moore was under the influence of methamphetamine was available before the administrative record was closed. As the

9

district court found, Unum could have submitted the toxicology report to Dr. Sexton, or another expert, for an opinion before the administrative record closed. For whatever reason, Unum failed to take this step. As we observed in Quesinberry, there is a difference between evidence that could have been mustered during the administrative process and evidence that simply could not have been developed in time. In other words, "if the evidence . . . is simply better evidence than the [party] mustered for the claim review, then its admission is not necessary" in the district court. Id. at 1027. Dr. Sexton's analysis of the toxicology report is simply better evidence than could have been, but was not, developed and included in the administrative record.

Second, the role of methamphetamine in Moore's death is a medical question, but it is not so complex that it cannot be resolved by review of the administrative record. This is not a situation where additional information in the form of actual testimony is necessary to "facilitate the understanding of complex medical [issues] through an exchange of questions and answers between experts, counsel, and the court." Id. If Unum had submitted for the administrative record a report from Dr. Sexton analyzing the toxicology data on Moore, we are confident that the doctor's report would have been sufficiently understandable on judicial review. In short, the district court did not abuse its discretion in excluding Dr. Sexton's deposition.

10

Finally, we turn to the district court's decision that the controlled substance exclusion does not apply, a decision that we review de novo. Id. at 1022. The district court concluded that the evidence in the administrative record is insufficient to permit a finding that Moore's death was a direct or indirect result of methamphetamine use. Dr. Sweeney's opinion about the effects of chronic use of methamphetamine or cocaine is not relevant because there is no evidence that Moore was a chronic user of such drugs. In addition, Dr. Sweeney's opinion -- that the level of methamphetamine in Moore's system could have contributed to his death by exacerbating a pre-existing cardiovascular disease -- is too indefinite to support a finding that Moore's death was a result of methamphetamine use. We therefore affirm the district court's determination that there was not sufficient evidence to trigger the controlled substances exclusion.

IV.

Finally, Unum appeals the award of attorney's fees to Mrs. Moore. After the district court granted judgment to Mrs. Moore awarding her death benefits under the policy, the court entered an order granting her motion for attorney's fees under ERISA, 29 U.S.C. § 1132(g). Because we are vacating the judgment awarded to Mrs. Moore, we also vacate the order allowing her attorney's fees. The attorney's fees issue may be reconsidered on remand should that become appropriate.

11

V.

In sum, we vacate the district court's orders awarding judgment and attorney's fees to Rosanne Moore. We affirm the district court's conclusion that coverage cannot be denied under the policy's controlled substances exclusion. We remand for reconsideration of whether or not William E. Moore's death was an accident under the standard discussed in part II of this opinion.

VACATED IN PART,
AFFIRMED IN PART,
AND REMANDED
