**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-1702

ROSANNE MOORE,

Plaintiff - Appellant,

versus

UNUM PROVIDENT CORPORATION,

Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Florence.   Terry L. Wooten, District Judge. (CA-01-4185-4)

Submitted:  March 20, 2006

Decided:  April 10, 2006

Before WILKINSON, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kevin M. Barth, BALLENGER, BARTH & HOEFER, L.L.P., Florence, South Carolina, for Appellant.  Theodore D. Willard, Jr., MONTGOMERY, PATTERSON, POTTS & WILLARD, L.L.P., Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Rosanne Moore (Mrs. Moore) appeals the district court's order granting summary judgment in favor of the insurer in her action for life insurance benefits, following proceedings on remand from this court. See Moore v. Unum Provident Corp., 116 Fed. Appx. 416 (4th Cir. 2004) (per curiam) (unpublished). Mrs. Moore's suit for accidental death benefits under the Unum Provident Corporation (Unum) policy provided by her employer is governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. Finding no error, we affirm.

On October 22, 1998, between 4:00 and 4:30 a.m., Mrs. Moore's husband, William E. Moore (Moore), entered the home of his girlfriend, Lisa McFerrin, without permission. Moore, who was carrying a handgun, went to McFerrin's bedroom where he found her and her invited guest, Jerry Sayles. An altercation between Moore and Sayles ensued; Sayles wrestled the gun from Moore and beat him with it. Moore died from cardiac arrhythmia due to the stress of the beating. A toxicology report revealed that Moore was under the influence of methamphetamine at the time of his death.

As we noted in our prior opinion, Mrs. Moore had insurance coverage for accidental injury or death under a policy maintained by her employer, and her husband was a covered spouse under the policy. The policy covered losses, including loss of life, that "result directly and independently of all other causes

- 2 -

from accidental bodily injury."  Mrs. Moore filed a claim for accidental death benefits under the policy that Unum denied.  Mrs. Moore filed suit to recover benefits under the policy; the district court initially awarded benefits based upon its determination that Moore's death was accidental, because he died of cardiac arrhythmia that was not foreseeable by him.  Unum appealed, and we vacated the award of benefits and remanded for the district court to apply the standard set forth in <u>New York Life Ins. Co. v. Murdaugh</u>, 94 F.2d 104 (4th Cir. 1938):

> When an insured dies as a result of the intentional act of another, the death is considered accidental "if the insured is innocent of aggression, or wrongdoing, or even if he is the aggressor, if he could not reasonably anticipate bodily injury resulting in death to himself at the hands of another."

On remand, the district court concluded that Moore was the aggressor in the attack.  We agree.  Moreover, by entering a home in the early hours of the morning armed with a gun, Moore voluntarily exposed himself to a known danger, that the inhabitants of the home would defend themselves.  Thus, Moore's death was not due to unforeseeable circumstances or by accidental means, but rather was the natural sequence to a course of conduct on his part, preconceived and readily foreseeable as likely to produce just such a result.

Accordingly, we find that the district court did not err in granting summary judgment in favor of Unum on remand from this court.  We therefore affirm the district court's order for the

reasons stated by the district court in its order.  See Moore v. Unum Provident Corp., No. CA-01-4185-4 (D.S.C. May 23, 2005).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED