**Mary MILLER, Plaintiff-Appellee,**

v.

**AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, Defendant-Appellant.**

**No. 17102.**

United States Court of Appeals Sixth Circuit.

May 24, 1967.

Leo Bearman, Jr., Memphis, Tenn., for appellant, Leo Bearman, Sr., Memphis, Tenn., on brief.

William M. Fitzhugh, Memphis, Tenn., for appellee, Evans, Petree, Cobb & Edwards, Memphis, Tenn., on brief.

Before EDWARDS, Circuit Judge, McALLISTER, Senior Circuit Judge, and KENT,* District Judge.

* Honorable W. Wallace Kent, Chief United States District Judge for the Western District of Michigan, sitting by designation.

**480**

PER CURIAM.

Plaintiff is the wife of Russell J. Miller, who was killed when his automobile crashed head-on into a bridge support on Interstate Highway No. 55. At the time of his death Miller was insured with defendant insurance company for $50,000 for "accidental bodily injury" resulting in his death.

On defendant insurance company's refusal to pay the proceeds of the policy, Mrs. Miller filed suit under the diversity jurisdiction in the United States District Court for the Western District of Tennessee, Western Division. The case was tried before Judge Bailey Brown without a jury.

At trial defendant insurance company offered two defenses. The first defense was that Mr. Miller had committed suicide. The company sought thereby to invoke a suicide exclusion in the policy. In rejecting this defense, Judge Brown found:

> "[T]he deceased had the seatbelt fastened, he was driving at a speed of approximately 60 miles per hour which was below the speed limit, adverse weather conditions prevailed, the collision occurred in daylight on a well-traveled interstate highway when the incident was likely to be seen by witnesses, the deceased was 42 years of age and apparently in good health, he was happily married with one child and one step-child, and he had just obtained a new job and was to begin work in a few days."

■■ Under Tennessee law there is an established presumption against suicide. Provident Life & Accident Insurance Co. v. Prieto, 169 Tenn. 124, 83 S.W.2d 251 (1935). The evidence in this case certainly does not allow us to hold that Judge Brown's findings of fact on this score were clearly erroneous.

Appellant's second defense is more complicated. It is based upon the claim that Mr. Miller suffered no "accidental bodily injury." The reasoning on this issue starts with the fact that on autopsy, Miller was found to have .24 alcohol in his bloodstream at the time of death. This, of course, is well past the point of intoxication. Appellant argues that for Miller to have consumed enough alcohol to have the autopsy showing referred to, and then to have driven a car at high speed, was conduct which any reasonable man would know *might* lead to his death. From this appellant reasons that such a risk was outside the contemplation of the policy because the means of death (drinking and high speed driving) were voluntarily assumed.

■ Judge Brown disagreed with this defense and so do we. The policy could have excluded injuries due to drinking or intoxication on the part of the insured (See T.C.A. § 56–3309(11); § 56–3306(5)). It had no such exclusion. Doubtless such an exclusion would considerably affect the salability of appellant's insurance policies. We see no mandate in law or public policy for this court to imply such an exclusion when none such was agreed on by the parties when the insurance contract was signed.

Affirmed.