977 F.2d 583
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Vickie TIDWELL, Individually and as surviving spouse of
Randall Hurley Tidwell, deceased, and as next friend of
Randall Tidwell, Jr. and Shanna Lynn Tidwell, minors, and as
Administratrix of the Estate of Randall Hurley Tidwell,
Plaintiff-Appellant,
v.
LIFE INSURANCE COMPANY OF NORTH AMERICA, Defendant-Appellee.
 No. 92-5024.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1992.
 
 Before KENNEDY and BOYCE F. MARTIN, Jr., Circuit Judges, and GRAHAM, District Judge.*
 PER CURIAM:
 
 
 1
 Plaintiff Vickie Tidwell appeals the District Court's grant of defendant Life Insurance Company of North America's motion for summary judgment. On October 2, 1990, plaintiff, as surviving spouse and administratrix of decedent Randall Tidwell's estate, and as next friend of decedent's minor children, filed an action in Tennessee Circuit Court against defendant, decedent's insurer under an employee benefit plan. In this state action, plaintiff sought payment as a designated beneficiary of decedent's life insurance policy, after defendant had refused to pay the accidental death benefit. Upon defendant's motion, the case was then removed to the District Court for the Western District of Tennessee based on diversity jurisdiction under 28 U.S.C. § 1441(a) and general jurisdiction under 28 U.S.C. § 1332(a)(1). After denying the defendant's motion for summary judgment and initial motion for reconsideration of that denial, the District Court granted defendant's second motion for reconsideration. This appeal followed.
 
 
 2
 This Court reviews the grant of a motion for summary judgment de novo, applying the same standard applied by the District Court. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Summary judgment is appropriate when the nonmoving party has not shown the existence of a genuine issue of material fact and the moving party is thus entitled to a judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). In support of summary judgment, defendant provided the toxicology report of the Tennessee Bureau of Investigation, which shows decedent's blood alcohol level at the time of death to have been 0.23%, over twice the 0.10% level at which an individual will be presumed intoxicated in Tennessee under Tenn.Code Ann. § 55-10-408(b). In addition, defendant provided the affidavit and accident report of Tennessee Highway Patrol Officer Steven Florence, which state that based on his official accident investigation training, his experience as a state trooper, and his observations of the marks left on the road by and final resting places of the two vehicles, decedent's vehicle had been on the wrong side of the road when it collided head on with another vehicle. Finally, defendant provided the affidavit of the driver of the vehicle with which decedent collided, which also states that decedent's vehicle was on the wrong side of the road at the time of the collision.
 
 
 3
 Under Tennessee case law, a death caused by the driving of a voluntarily intoxicated person is not considered an accidental death for the purposes of a life insurance policy. Hobbs v. Providential Life & Accident Ins. Co., 535 S.W.2d 864, 865-67 (Tenn.App.) (cert. denied by Tenn.Sup.Ct.1975). The Hobbs case reflects a specific application of the well settled doctrine in Tennessee that death or injury is not considered accidental if it is the reasonably foreseeable result of a voluntary act. See Mutual Life Ins. Co. v. Distretti, 17 S.W.2d 11, 12 (Tenn.1929). In Hobbs, the Tennessee Court of Appeals pointed out that the Sixth Circuit misapplied the Distretti rule in the case of an intoxicated driver. In Miller v. American Casualty Co., 377 F.2d 479, 480 (6th Cir.1967), this Court held that absent an explicit clause in an insurance policy, Tennessee law did not exclude from accident coverage deaths caused by the driving of intoxicated persons. The state trial court had followed the Sixth Circuit decision. Hobbs, 535 S.W.2d at 866. The Tennessee appellate court reversed, explicitly rejecting the Sixth Circuit precedent. Id. We should not force them to do so again.
 
 
 4
 In the present case, defendant has presented ample evidence that decedent's intoxicated driving was the proximate cause of his death. No reasonable jury could find to the contrary, and thus no genuine issue exists on this determinative issue. The District Court's grant of summary judgment was correct. We AFFIRM.
 
 
 
 *
 The Honorable James L. Graham, United States District Court for the Southern District of Ohio, sitting by designation