Jerome **FOWLER**, Plaintiff,

v.

**METROPOLITAN LIFE INSURANCE COMPANY**, Defendant.

No. 95–1240.

United States District Court,
W.D. Tennessee,
Eastern Division.

July 12, 1996.

---

William J. Reynolds, Savannah, TN, for plaintiff.

John J. Heflin, Memphis, TN, and Sondra Modell Hirsch, Metropolitan Life Insurance Co., New York City, for defendant.

ORDER GRANTING METROPOLITAN LIFE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

TODD, District Judge.

This civil action seeking recovery of accidental death benefits under an employer's group benefits plan was originally filed by Plaintiff Jerome Fowler in the Chancery Court of McNairy County, Tennessee, on September 19, 1995. Pursuant to 28 U.S.C. § 1441, the action was removed to this court by the Defendant, Metropolitan Life Insurance Company (Met Life), on the grounds that the cause of action arose under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001–1461. Plaintiff

is the father and designated beneficiary of the decedent, Mike Fowler, who was killed in an automobile crash on February 19, 1995. At the time of his death, the decedent was an employee of INTEX Plastics Corporation (INTEX), and a participant in the INTEX group benefits plan. Before the court are motions for summary judgment on behalf of both Plaintiff and Defendant.

■ Motions for summary judgment are governed by Fed.R.Civ.P. 56. If no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Fed.R.Civ.P. 56(c). The moving party may support the motion for summary judgment with affidavits or other proof or by exposing the lack of evidence on an issue for which the nonmoving party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The opposing party may not rest upon the pleadings but must go beyond the pleadings and "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *see also Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. at 2552–53.

■ "If the defendant ... moves for summary judgment ... based on the lack of proof of a material fact, ... [t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). However, the court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter but only to determine whether there is a genuine issue for trial. *Id.* at 249, 106 S.Ct. at 2510. Rather, "[t]he inquiry on a summary judgment motion ... is ... 'whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law.' " *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir.1989) (quoting *Anderson,* 477 U.S. at 251–52, 106 S.Ct. at 2512). Doubts as to the existence of a genuine issue for trial are resolved against the moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970).

The INTEX group benefits plan is an employee welfare benefit plan governed by ERISA. INTEX is the plan administrator; Met Life issued the group policies and is the claims fiduciary. Met Life has paid the $26,-000.00 in basic life insurance benefits due under the plan. However, Met Life has denied Plaintiff's claim for accidental death benefits.

The parties have stipulated to the following undisputed facts. In the early morning hours of February 19, 1995, the decedent was driving a pickup truck, with no apparent defects, northbound on state highway 22 in Hardin County, Tennessee, approximately 14 miles south of Savannah, Tennessee. The road was an unlighted two-lane asphalt road; the surface was dry with no apparent hazards. The weather was foggy. At approximately 1:00 a.m. the decedent lost control of his vehicle while negotiating a curve. His vehicle ran off the right side of the road, then travelled across the road to the left, continued for approximately 450 feet and struck a tree. The decedent was killed instantly as a result of massive head trauma.

At 2:40 a.m., shortly after the crash, blood was taken from the decedent's body and sent to the forensic services crime laboratory of the Tennessee Bureau of Investigation for testing. The test results showed that the decedent's blood alcohol content was .26 percent; in Tennessee, a blood alcohol content of .10 percent creates a presumption of intoxication and impairment. Tenn.Code Ann. § 55–10–408.

The INTEX plan contains the following provisions relating to accidental death benefits:

> Benefits are payable when as a direct result of bodily injuries effected through external, violent and accidental means, and independently of all other causes, you suffer a loss specified below while insured under this coverage....

Limitations—Benefits are not payable for loss resulting directly or indirectly, wholly or partially, from any of the following:

1. Suicide or intentionally self-inflicted injury, whether sane or insane.

. . . .

2. Disease or bodily or mental infirmity, or medical or surgical impairment thereof.

On June 28, 1995, Met Life denied Plaintiff's claim for accidental death benefits on the basis that the decedent did not die as the result of an accident, independently of all other causes, but rather as a consequence of his own drinking and driving. Met Life also determined that death resulted at least in part from an intentionally self-inflicted injury and/or bodily and mental infirmities related to his drinking and driving.

■ Actions under 29 U.S.C. § 1132(a)(1)(B), challenging benefit determinations, are to be reviewed under a de novo standard "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 956–57, 103 L.Ed.2d 80 (1989). If such discretion has been given, an arbitrary and capricious standard is appropriate. *See Lake v. Metropolitan Life Ins. Co.*, 73 F.3d 1372, 1376 (6th Cir.1996); *Wulf v. Quantum Chem. Corp.*, 26 F.3d 1368, 1372–73 (6th Cir.1994). In this case, the parties have stipulated that the INTEX plan grants Met Life the discretionary authority to determine eligibility for life insurance benefits, including the authority to evaluate and pay or deny claims, to evaluate and review denied claims, to construe the plan's terms, and to administer the claims procedure. Therefore, the deferential standard of review is appropriate.

■ In determining whether a decision is arbitrary and capricious, a court should uphold the administrator or fiduciary's interpretation of the plan language if that interpretation is reasonable. *See Johnson v. Eaton Corp.*, 970 F.2d 1569, 1574 (6th Cir.1992) (citing *Wells v. United States Steel & Carnegie Pension Fund, Inc.*, 950 F.2d 1244, 1249

(6th Cir.1991)). Furthermore, the court may consider only the evidence available to the administrator or fiduciary at the time the decision was made. *See Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir.1991). In this case, the evidence available to Met Life consisted of the death certificate, the police accident report, and the TBI toxicology report.

■ Plaintiff contends that Met Life's denial of benefits on the basis that the decedent's death was not accidental was arbitrary and capricious because the INTEX plan does not expressly exclude or limit benefits because of an insured's alcohol consumption or intoxication. Plaintiff argues that the plan language is ambiguous, and should be construed against Met Life and in favor of Plaintiff, citing *Miller v. American Cas. Co.*, 377 F.2d 479 (6th Cir.1967). That case held that an exclusion for injuries due to drinking or intoxication could not be implied in an insurance contract. *Id.* at 480.

Plaintiff's reliance on *Miller v. American Cas. Co.* is misplaced. *Miller* was a diversity case, not a case governed by ERISA or requiring a deferential standard of review. The law is clear that in cases governed by ERISA, when an administrator or fiduciary has the discretionary authority to interpret a plan's terms, that interpretation must be upheld if it is reasonable. *Firestone*, 489 U.S. at 115, 109 S.Ct. at 956–57; *Lake*, 73 F.3d at 1376; *Wulf*, 26 F.3d at 1372–73. Furthermore, although the court in *Miller* was purportedly applying Tennessee law, the case has been subsequently criticized by Tennessee courts as being incorrect. *See Hobbs v. Provident Life & Accident Ins. Co.*, 535 S.W.2d 864, 866–67 (Tenn.Ct.App.1975).

Tennessee law is instructive on the issue of when an injury or death is accidental under an insurance contract. In *Mutual Life Ins. Co. of New York v. Distretti*, 159 Tenn. 138, 17 S.W.2d 11 (1929), the insured was robbed in his store by persons who were armed. Before the robbers got away, Distretti armed himself, ran outside, and fired on them. The robbers returned fire, and Distretti was killed. *Id.* at 11–12. The Tennessee Supreme Court ruled that his death was not

accidental, stating that if the insured "voluntarily and intentionally did a thing from which, as a reasonable man, he foresaw or should have foreseen that death or injury might result, such death or injury was not an accident." *Id.* at 12. This has become known as the "Distretti rule."

The "Distretti rule" has been applied in numerous cases. *See, e.g., Falster v. Travelers Ins. Co.,* 216 Tenn. 137, 390 S.W.2d 673 (1965); *Baker v. National Life and Accident Ins. Co.,* 201 Tenn. 247, 298 S.W.2d 715 (1956); *Hobbs,* 535 S.W.2d at 866–67; *Nicholas v. Provident Life and Accident Ins. Co.,* 61 Tenn.App. 633, 457 S.W.2d 536 (1970). In *Hobbs,* the Tennessee Court of Appeals approved the trial court's instruction to the jury that the death of an insured resulting from drinking and driving was not accidental. The court held:

> We can certainly assume that the danger of injury or death as result of operating a motor vehicle while intoxicated is a foreseeable one and the appellate courts of this State have repeatedly held that death is not caused by accidental means, within the meaning of an insurance policy, if it is a foreseeable result of a voluntary and unnecessary act or course of conduct of the insured.

*Id.* 535 S.W.2d at 866 (citations omitted). The rule was again reaffirmed in the case of *Harrell v. Minnesota Mut. Life Ins. Co.,* No. 03A01–9411CH00410, 1995 WL 134628 (Tenn. Ct.App. Mar. 29, 1995). In *Harrell,* the insured was killed when she lost control of her automobile, colliding with oncoming cars. Her blood alcohol content was .20 percent. The Tennessee Court of Appeals stated:

> [O]ur courts have consistently held that bodily injury or death are foreseeable results of voluntarily driving while intoxicated. *Stinson v. Daniel,* [220 Tenn. 70] 414 S.W.2d 7 (Tenn.1967) involved a wrongful death action against a motorist who was found to be intoxicated at the time of the collision. The court said, 414 S.W.2d at 10: "It would be a mockery of the law for one guilty of operating a motor vehicle upon the public highways under the influence of an intoxicant to say he could not foresee the consequences of his act." (citing *Rog-*

*ers v. State,* 196 Tenn. 263, 265 S.W.2d 559 (1954)).

1995 WL 134628 at *2.

The federal courts have also recognized that foreseeable harm resulting from an insured's intentional actions is not accidental. *See Simpson v. Jefferson–Pilot Life Ins. Co.,* 37 F.3d 1495 (table), 1994 WL 567901 (4th Cir. Oct. 18, 1994); *Wickman v. Northwestern Nat'l Ins. Co.,* 908 F.2d 1077, 1088–80 (1st Cir.), *cert. denied,* 498 U.S. 1013, 111 S.Ct. 581, 112 L.Ed.2d 586 (1990); *Smith v. Life Ins. Co. of North Am.,* 872 F.Supp. 482, 483–85 (W.D.Tenn.1994); *McLain v. Metropolitan Life Ins. Co.,* 820 F.Supp. 169, 177–78 (D.N.J.1993). As pointed out by Met Life, the hazards of drinking and driving are widely known and widely publicized. It is clearly foreseeable that driving while intoxicated may result in death or bodily harm.

As the decedent should have foreseen the consequences of driving while intoxicated, Met Life's determination that his death was not accidental was reasonable. It was also reasonable to find that his death was, at least partially, intentionally self-inflicted. Furthermore, as the decedent's blood alcohol content was .26 percent, which would seriously impair his judgment and ability to control his vehicle, it was not unreasonable to conclude that his death was the result of bodily and mental infirmity. Therefore, the court finds that Met Life's denial of accidental death benefits was not arbitrary and capricious.

In conclusion, Plaintiff Jerome Fowler's motion for summary judgment is DENIED, and Metropolitan Life Insurance Company's motion for summary judgment is GRANTED. Judgment will be entered accordingly.

IT IS SO ORDERED.