**Benito T. PEREZ, Jr., Plaintiff–Appellant,**

v.

**AETNA LIFE INSURANCE COMPANY, Defendant–Appellee.**

**No. 95–1111.**

United States Court of Appeals, Sixth Circuit.

Feb. 3, 1997.

Before: MARTIN, Chief Judge, MERRITT, KENNEDY, NELSON, RYAN, BOGGS, NORRIS, SUHRHEINRICH, SILER, BATCHELDER, DAUGHTREY, MOORE, and COLE, Circuit Judges.

### ORDER

A majority of the judges of this court in regular active service has voted to rehear the instant case *en banc*, having concluded that the following important issues, also presented and decided in *Yeager v. Reliance Standard Life Insurance Co.*, 88 F.3d 376 (6th Cir.1996), a case neither cited by the parties in this case nor considered by the panel, are at stake:

1.  Whether the decision of the U.S. Supreme Court in *Firestone Tire & Rubber v. Bruch*, 489 U.S. 101 [109 S.Ct. 948, 103 L.Ed.2d 80] (1989), setting the standards for the review of an administrator's discretion in making ERISA plan decisions, encompasses decisions both of fact and of law, or whether the Supreme Court's decision should be limited only to setting standards with regard to an administrator's decisions of legal interpretation, while allowing unfettered discretion in all cases with respect to factual decisions.

2.  Whether plain language stating that a plaintiff must "submit satisfactory proof ...... to us" gives the administrator broad discretion, just as it would if the language read "must submit proof that is satisfactory to us," see *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 983 (6th Cir.1991).

Sixth Circuit Rule 14 provides that:

"The effect of the granting of a hearing *en banc* shall be to vacate the previous opinion and judgment of this court, to stay the mandate and to restore the case on the docket as a pending appeal."

Accordingly, IT IS ORDERED that the previous opinion and judgment of the court are vacated, the mandate is stayed, and the case is restored to the docket as a pending appeal.

The clerk will direct the parties to file supplemental briefs addressing the two issues described above, and will schedule the case for oral argument June 11, 1997.

ENTERED BY ORDER OF THE COURT.